# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

LEONARDO CLEMENTE-BERNABE, )
)
    Movant, )
)
v. ) Case No. CV616-013
) CR610-032
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Leonardo Clemente-Bernabe pled guilty to illegally reentering this country after deportation. Doc. 31 (plea agreement); doc. 29 (judgment).[1] As explained in the denial of his first § 2255 motion, he waived both his right to a direct appeal and to collateral review. Doc. 42 at 5, *adopted*, doc. 46; *see also* doc. 52 (Order dismissing his motion to supplement that § 2255 motion); doc. 53 (Certificate of Appealability motion denied); doc. 65 (Order denying "yet another filing in his apparent quest to exhaust every avenue imaginable to attack his conviction and sentence.").

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

Raising a *Johnson* claim,[2] he again moves for 28 U.S.C. § 2255 relief. Doc. 77 at 4, 11, 13-29.

The Government moves to dismiss on successiveness grounds. Doc. 81. It correctly points out (doc. 81 at 2-3) that Clemente-Bernabe must knock on the Eleventh Circuit's door before coming here. *See* 28 U.S.C. § 2255(h) (prohibiting second or successive motions unless first certified by the Court of Appeals to contain newly discovered, acquittal mandating, evidence, or a new rule of constitutional law, made retroactive by the Supreme Court). *Johnson*, for that matter, "has not been made retroactive to cases on collateral review by the Supreme Court, which means it cannot be the basis for a second or successive § 2255 motion." *In re Starks,* 809 F.3d 1211, 1212 (11th Cir. 2016) (quotes and cite omitted) (applying *In re Franks*, ___ F.3d ___, 2016 WL 80551 at * 3 (11th Cir. Jan. 6, 2016)); *compare Mays v. United States,* ___ F.3d ___, 2016 WL 1211420 at *6 (11th Cir. Mar. 29, 2016) ("[W]e hold that *Johnson* applies retroactively on collateral review to prisoners seeking habeas relief for the first time.").

---

[2] *See Johnson v. United States,* ___ U.S. ___, 135 S. Ct. 2551, 2557-58 (2015) (sentencing enhancements imposed under the Armed Career Criminal Act's residual clause violate due process).

2

Clemente-Bernabe has not responded to the dismissal motion, which is both legally supported and otherwise unopposed by operation of S.D. Loc. R. 7.5 (no response means no opposition). The Government's motion to dismiss (doc. 81) therefore should be **GRANTED**, which means his § 2255 motion (doc. 77) should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED** this  11th  day of April, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA